ACCEPTED
15-25-00024-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/9/2025 2:30 PM
CHRISTOPHER A. PRINE
CLERK



Austin
Dallas
Fort Worth
Houston

David Campbell
Partner
Board Certified in Civil Appeals

8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759

(972 441-4034 Office
(512) 825-3114 Mobile
(713) 583-8884 Fax

dcampbell@thompsonhorton.com

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/9/2025 2:30:59 PM
CHRISTOPHER A. PRINE
Clerk

April 9, 2025

via efiling
Hon. Jeffrey D. Kyle
Clerk of the Court Appeals for the Third Court of Appeals
209 West 14th Street, Room 101
Austin, Texas 78701

via efiling
Hon. Christopher Prine
Clerk of the Court Appeals for the Fifteenth Court of Appeals
300 W. 15th Street, Suite 607
Austin, Texas 78701

> Re:  No. 03-23-00125-CV; *Mike Morath, Commissioner of Education,* and *La Villa ISD v. Paz Elizondo*, in the Court of Appeals for the Third District of Texas
>
> No. 15-25-00024-CV; *Mike Morath, Commissioner of Education,* and *La Villa ISD v. Paz Elizondo*, in the Court of Appeals for the Third District of Texas

Mr. Kyle and Mr. Prine:

The undersigned counsel for Appellant La Villa ISD respectfully provides this notice to the Third Court and Fifteenth Court regarding the above appeals, which both arise from the same trial court proceeding.

1

La Villa ISD believes this case should proceed in the Fifteenth Court for the reasons described below.

This appeal was originally filed in the Third Court of Appeals, but the panel assigned to this case issued a per curiam Order and Memorandum Opinion ("Order") on January 23, 2025. In that Order, the panel raised the concern that the Third Court might not have jurisdiction to decide the appeal because it was not clear that the trial court intended its prior judgment, which was signed on January 24, 2023, to be a final and appealable judgment. Order, p. 2 (citing *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) and *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001)). Specifically, the panel noted that the trial court's judgment "did not specifically address the merits of Elizondo's UDJA action." Order, p. 2. Based on that concern, the Third Court remanded this case to the trial court for clarification regarding this jurisdictional concern.

In response to the Third Court's remand, the trial court did not indicate that the original judgment was meant to address the merits of the UDJA claim. Instead, the trial court signed a new judgment on February 12, 2025 that did expressly address that claim.

After the trial court signed a new final judgment on February 12, 2025, both La Villa ISD and the Commissioner filed notices of appeal to the Fifteenth Court of Appeals for the following two reasons:

First, based on the Third Court's Order and the trial court's new judgment, it appears the Third Court never had jurisdiction over the prior appeal because the Third Court held that the appealed-from judgment was not a final judgment unless the trial court intended to dismiss the UDJA claim. *See* Order, pp. 2–3. Based on the trial court's execution of a new judgment that expressly addresses the UDJA claim, it appears the trial court did not intend for the original judgment to dispose of that claim, which means the previously appealed-from

2

judgment was not a final and appealable judgment as the parties believed.

Second, it appears that the Fifteenth Court has exclusive jurisdiction over the final judgment the trial court recently signed. The Fifteenth Court has exclusive jurisdiction over any appeal from a final judgment against the Commissioner of Education signed after September 1, 2024. *See* Tex. Gov't Code § 22.220(d)(1). After the Third Court remanded this case, the trial court signed a final judgment against the Commissioner on February 12, 2025.

Additionally, it is noteworthy that Appellee has not filed a motion to transfer this appeal from the Fifteenth Court, and Appellants' briefs are currently due on this upcoming Monday, April 15, 2025.

Accordingly, based on the above, it appears that this appeal should proceed in the Fifteenth Court of Appeals, not in the Third Court.

Very truly yours,

David Campbell

Attachments

1. Third Court's Order and Memorandum Opinion
2. Trial Court's Judgment signed on February 12, 2025

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

<u>*/s/ David Campbell*</u>
David Campbell

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00125-CV

---

### Mike Morath, Texas Commissioner of Education, and La Villa Independent School District, Appellants

**v.**

### Dr. Paz Elizondo, Appellee

---

**FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-22-002025, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In the court below, as permitted by the Texas Administrative Procedure Act (APA), Tex. Gov't Code §§ 2001.171–76, Dr. Paz Elizondo filed a suit for judicial review of an earlier administrative decision of Mike Morath, Texas Commissioner of Education. Defendants were the Commissioner and the La Villa Independent School District. In addition to challenging the Commissioner's decision under the APA, Elizondo's petition asserted a claim for relief under the Texas Uniform Declaratory Judgments Act (UDJA), Tex. Civ. Prac. & Rem. Code §§ 37.001-.011. The Commissioner and District filed pleas to the jurisdiction asserting that the trial court lacked jurisdiction over the UDJA action.

A non-evidentiary hearing on the case was held on November 18, 2022. No motion for summary judgment had been filed by the Commissioner or District. The trial court subsequently signed an "Amended Final Judgment" on January 24, 2023. As to Elizondo's APA suit for judicial review, the Amended Final Judgment reversed the Commissioner's administrative decision. As to Elizondo's UDJA action, the court denied the Commissioner's and District's pleas to the jurisdiction. Although the denial of the pleas to the jurisdiction left the UDJA action as a live claim, the court's Amended Final Judgment did not specifically address the merits of Elizondo's UDJA action. Nonetheless, the judgment concluded with the following language: "This is a final and appealable judgment. All relief not granted herein is denied."

This Court is uncertain whether the trial court intended its Amended Final Judgment to include a ruling on the merits of Elizondo's UDJA action. Accordingly, we exercise our discretion to seek clarification from the trial court as to that question. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

2

This Court directs the trial court to submit, within 60 days of this order, a supplemental clerk's record containing a clarification of the question set forth above. If the court did ***not*** intend its Amended Final Judgment to include a ruling on the merits of Elizondo's UDJA action, a simple letter stating that fact will suffice. If the court ***did*** intend its Amended Final Judgment to include a ruling on the merits of Elizondo's UDJA action, the supplemental clerk's record should contain a new judgment specifically setting forth that ruling. Until such time as the supplemental clerk's record is filed, this appeal is abated.

Before Justices Triana, Crump, and Jones*

Abated and Remanded

Filed: January 23, 2025

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

## CAUSE NO. D-1-GN-22-002025

| | | |
|---|---|---|
| DR. PAZ ELIZONDO<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| MIKE MORATH, TEXAS<br>COMMISSIONER OF EDUCATION &<br>LA VILLA INDEPENDENT SCHOOL<br>DISTRICT<br>*Defendants* | §<br>§<br>§<br>§<br>§ | 455th JUDICIAL DISTRICT<br><br><br>TRAVIS COUNTY, TEXAS |

### SECOND AMENDED FINAL JUDGMENT

On November 18, 2022, the Court heard and considered the above-styled and numbered cause. The parties appeared through their attorneys of record. After considering the administrative record, the briefing, the relevant law, and the oral argument, the Court renders judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 22, 2022 Decision of the Commissioner in Docket No. 049-R10-07-2021 is hereby REVERSED.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' pleas to the jurisdiction are GRANTED as to Plaintiff's additional claim under the Texas Declaratory Judgment Act.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff's claim under the Texas Declaratory Judgment Act is dismissed.

This is a final and appealable judgment. All relief not granted herein is DENIED.

SIGNED ___February 12, 2025___

PRESIDING JUDGE
MAYA GUERRA GAMBLE

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kate French on behalf of David Campbell
Bar No. 24057033
kfrench@thompsonhorton.com
Envelope ID: 99469902
Filing Code Description: Letter
Filing Description: La Villa ISD's Notice to 3rd & 15th CoA
Status as of 4/9/2025 2:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ruben Pena | 15740900 | ruben@rubenpenalaw.com | 4/9/2025 2:30:59 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 4/9/2025 2:30:59 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 4/9/2025 2:30:59 PM | SENT |
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 4/9/2025 2:30:59 PM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 4/9/2025 2:30:59 PM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 4/9/2025 2:30:59 PM | SENT |